(77 Misc. Rep. 214.)

### VILLAGE OF LIBERTY v. NEWKIRK.

(Supreme Court, Trial Term, Sullivan County. June, 1912.)

1. MUNICIPAL CORPORATIONS (§ 205*)—BOARD OF WATER COMMISSIONERS—POWERS.

Under the Village Law (Consol. Laws 1909, c. 64) the board of water commissioners of a village has the power to fix water rates and collect water rents.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 557–561; Dec. Dig. § 205.*]

2. TROVER AND CONVERSION (§ 33*)—ANSWER—SUFFICIENCY.

Where defendant, a clerk of the board of water commissioners of a village, collected water rents and fees, there being no such officer known to the law as a clerk of such board, he acted simply as an employé thereof, and in an action for conversion of the money so collected an answer that all the moneys received by him during his said employ as clerk were accounted for and paid over, and that a full settlement was had, is not demurrable.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 203–206; Dec. Dig. § 33.*]

Action by the Village of Liberty against Jacob O. Newkirk. On demurrer to answer for insufficiency. Overruled.

William G. Birmingham, of Liberty (George H. Smith, of Monticello, of counsel), for plaintiff.

Carpenter & Rosch, of Liberty, for defendant.

CHESTER, J. In the complaint it is alleged in substance that the defendant was the clerk of the board of water commissioners of the plaintiff from the 16th day of April, 1908, to the 25th day of February, 1910, and that between those dates, in the fiduciary capacity aforesaid, he received certain moneys, which he as such clerk had collected from consumers of water from the waterworks of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the plaintiff for water rents, taxes, and for tapping charges and fees, and that he has failed and refused to pay over to the plaintiff, or to its treasurer, on demand, $1,353.60 of such moneys, but has converted the same to his own use.

In his answer the defendant alleges in substance that all the moneys received by him during his employment as clerk of the water commissioners were accounted for and paid over to said water commissioners, or to those lawfully entitled to the same pursuant to their direction, and that his accounts have been fully balanced and settled. The plaintiff demurs to the answer for insufficiency.

It is the contention of the plaintiff that the defendant is accountable to the village for all moneys received by him while acting as clerk of the water commissioners, that he was required to pay such moneys over to the village treasurer, and that he cannot escape liability by paying the same over to the water commissioners personally or by settling or adjusting his accounts with them.

Under a special act (Laws of 1894, c. 676), the village of Liberty was authorized to elect three water commissioners, who were given all the powers and rights, and were made subject to all the duties and liabilities, of the board of water commissioners provided for by chapter 181, Laws of 1875, which was an act to authorize the villages of the state to furnish pure and wholesome water to the inhabitants thereof. The commissioners under the last-named act were given power to buy or construct a water system to supply the people of the village with water, to establish a scale of rents to be charged by and paid to the commissioners from time to time, either in advance or at such time or times as they shall prescribe, for the supply of water, to be called water rents (Id. § 13), and that the entire annual receipts for water rents, after deducting therefrom such sums as might be necessary to defray expenses of repairs of the waterworks and extending the same and other necessary expenses, should be applied to paying the interest on the water debt and to the establishing of a sinking fund (Id. § 15).

[1] While chapter 181 of the Laws of 1875 was repealed when the present consolidated Village Law (Laws of 1909, c. 64 [Consol. Laws 1909, c. 64]) was passed, it is claimed by the defendant that the special law (Laws of 1894, c. 676) above mentioned remains in full force, and that the water commissioners of the plaintiff village authorized to be elected thereby still possess all the powers conferred upon them by both of such acts, among which are the fixing of water rents and the collection of the same. The special act apparently has not been expressly repealed. But whether or not it has been repealed either expressly or by implication is unimportant, for it seems that under the Village Law as at present existing, and which now governs the plaintiff and its board of water commissioners, the board possesses practically the same powers as formerly, including the power to fix the water rents and to collect the same.

The board is authorized by that law to adopt ordinances not in-

consistent with law for enforcing the collecting of water rents (Village Law, § 228) and to establish a scale of rents for the use of water, to be called "water rents," and to be paid at such times as the board shall prescribe (Id. § 229). The board is required, between the 1st and 4th day of March in each year, to file with the village clerk its annual report, containing, among other things, a statement of the amount of money on hand at the beginning of the preceding fiscal year and the receipts from all sources during such year, an itemized statement of the amount paid out during such year, and the balance on hand. Id. § 235.

[2] There is no such officer known to the law as a clerk of the board of water commissioners. The defendant, therefore, was simply an agent or employé of such commissioners and acting in their behalf. Whatever water rents, taxes, tapping charges, and fees he collected, he collected by virtue of the authority coming from the commissioners, who employed him, and as their agent. He had no right or authority from any other source to make such collections. If he paid such moneys over to the water commissioners, or pursuant to their lawful direction, as he alleges he did, he is absolved in my opinion, and is not accountable to the village for not paying the same over to the village treasurer, who is the chief fiscal officer of the municipality.

If these views are correct, a sufficient defense is alleged in the answer, and the demurrer thereto must be overruled.

Demurrer overruled, with costs to defendant to abide event of trial of the issues of fact in the action.